UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS VINCENT GIRARDI,<br><br>　　　　Defendant. | Case No. 2:23-cr-00047-JLS-1<br><br>**ORDER GRANTING MOTION TO EXCLUDE EXPERT TESTIMONY (DOC. 71)** |

Before the Court is the Government's Motion to Exclude Expert Testimony. (Doc. 71.) The matter is fully briefed (Doc. 74 (Opp.) and Doc. 79 (Reply)) and was heard on July 21, 2023, at which time the Court took the matter under submission. As set forth herein, the Court GRANTS the Motion and EXCLUDES the expert testimony of the proffered expert criminal defense attorney Kate Corrigan.

## I. BACKGROUND

This matter is set for a competency hearing. (*See* Doc. 75 (Order re briefing schedule setting the matter for August 23, 2023).)

On June 2, 2023, in compliance with Federal Rule of Criminal Procedure 16(b)(1)(C), the defense disclosed to the Government the expected expert testimony of Ms. Corrigan in connection with Defendant's competency to stand trial. (*See* Doc. 60, Defendant's Expert Reports, Ex. C (under seal).) Those opinions include (1) the responsibilities of criminal defense counsel in advising and preparing a client (*id.* at 2-4); (2) Ms. Corrigan's personal observations of Defendant from his meetings with defense counsel (*id.* at 4-16); and (3) Ms. Corrigan's assessment of how Defendant's observed impairments would affect his counsel's ability to prepare to defend him (*id.* at 16-17). The Government moves to exclude all of her testimony.

## II. LEGAL STANDARDS

### A. Competency to Stand Trial

Upon motion by a defendant or the Government, courts consider the issue of whether "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a).

### B. Admissibility of Expert Opinion Evidence

The proponent of an expert carries the burden of establishing all requirements of admissibility by a preponderance of the evidence. *Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579,

592 n.10 (1993). Federal Rule of Evidence 702 permits expert testimony from "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education" if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Rule 702(a) "requirement that the opinion testimony assist the trier of fact goes primarily to relevance." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010) (internal quotation marks omitted). "Reliable expert testimony need only be relevant, and it need not establish every element that the plaintiff must prove, in order to be admissible." *Id.* at 565.

The Rule 702(b) "facts or data" upon which the expert opinion must be based may come from the expert's personal observation, or the expert may simply be "made aware of" those facts or data. Fed. R. Evid. 703. The "facts or data" need not be independently admissible if those facts or data are of the type experts in the field would reasonably rely upon. *Id.*

The factors considered in determining admissibility as to the Rule 702(c) and (d) reliability indicators for non-scientific expert evidence differs from those considered for scientific expert evidence. *Compare Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002) (applying *Daubert* and discussing factors related to reliability of scientific expert evidence) *with Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 153-158 (1999) (discussing application of *Daubert* as to non-scientific expert evidence).

## III. DISCUSSION

The Court agrees that expert testimony as to the first category of evidence (the responsibilities of criminal defense counsel in advising and preparing a client) is not helpful to the Court. A review of criminal proceedings and the role of defense counsel in preparing the accused is known to the Court and wholly without controversy among the parties. Thus, this first category both unhelpful and a waste of time, and therefore excludable under Rules 402, 403, and 702.

The second and third categories (Ms. Corrigan's personal observations of Defendant from his meetings with defense counsel and her assessment of how his observed impairments would affect his counsel's ability to prepare to defend him) are based upon Ms. Corrigan's personal observations of Defendant during four meetings with defense counsel on April 18, April 19, April 20, and May 19, 2023.

The Government objects that Ms. Corrigan lacks the psychiatric and/or psychological expertise necessary to opine regarding Defendant's competency. In this manner, the Government contends that Ms. Corrigan is not qualified and her opinion testimony on these matters would be unreliable. Defendant represents he will not seek Ms. Corrigan's opinions regarding "malingering or neuropsychology." (Opp. at 5.) Both sides have retained other experts with psychiatric and/or psychological expertise; Ms. Corrigan cannot opine in these areas because she is not qualified to do so.

The Government also objects to Ms. Corrigan's opinion testimony within her area of expertise of defending the accused, as based on her observations of Defendant during four meetings with defense counsel. The Court agrees that, although Ms. Corrigan's expertise in this area is considerable, and she is generally qualified, such assessments are better made by defense counsel of record.

Defense counsel have the benefit of having a continuing relationship with Defendant over a longer period of time, making their assessments more reliable. *Cf.* Fed. R. Evid. 702(b) (requiring that expert "testimony [be] based on sufficient facts or data"). *United States v. Merriweather*, 921 F. Supp. 2d 1265 (D. Ala. 2013), a case

4

cited by Defendant on another point, is in accord. There, "confronted with competing (and irreconcilable) opinions" of experts, the court relied on experts with maximum "duration of continuous interaction between the expert and [the defendant]." 921 F. Supp. 2d at 1294-95 ("Because [two experts] have each individually spent more time evaluating Merriweather than all the other medical experts combined, the court gives substantial credit to their testimonies."). The ability to observe over a lengthy period of time has particular significance in this case, given the claimed impairment is a progressive cognitive decline. Here, Ms. Corrigan simply observed four relatively recent meetings between Defendant and his counsel. The Court sees no benefit in deviating from the normal practice of relying on statements of defense counsel of record rather than on the expert opinion testimony of another criminal defense lawyer. On balance, given Ms. Corrigan's limited contact with Defendant, her opinions are not helpful to the Court in the manner specified in Rule 702(a), and they are not based on sufficient facts or data as required by Rule 702(b).

The cases that Defendant relies upon do not counsel otherwise. For example, Defendant relies upon *United States v. Clark*, 617 F.2d 180 (9th Cir. 1980), for the proposition that an attorney's opinion about competence is "significant evidence," but *Clark* is referring to defense counsel of record, not an expert, when it stated: "If Clark had been unable to effectively assist counsel, it logically follows that *his attorney* would have been the first to know." *Id.* at 186 n.11 (emphasis added). The same is true as to *Hernandez v. Ylst*, 930 F.2d 714 (9th Cir. 1991), upon which Defendant relies for the same proposition. *Id.* at 718 ("Here, Hernandez's own counsel stated that Hernandez was competent. . . . [A] defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings."); *accord Medina v. California*, 505 U.S. 437, 450 ("[D]efense counsel will often have the best-informed view of the defendant's ability to participate in his defense . . . .").

Defendant cites two district court cases for the proposition that criminal defense expert testimony is admissible. (Opp. at 6-8.) In *United States v. Duhon*, 104 F. Supp.

2d 663 (W.D. La. 2000), the Court appointed a criminal defense attorney as an expert only after finding that the psychiatrist's report did not address whether the defendant had the "ability to 'consult with his lawyer with a reasonable degree of rational understanding' or 'otherwise assist in the defense.'" *Id.* at 674. That is not the case here, where the other experts address the relevant competency standard. Therefore, *Duhon* does not persuade the Court that it should consider Ms. Corrigan's testimony.

In Defendant's second case, *Merriweather*, the court considered the testimony of a criminal defense attorney-expert engaged by the defense. 921 F.Supp.2d at 1275. Mr. Earley observed a lengthy conversation between the defendant and his counsel of record and, from his observation, opined that that defendant's speech was "somewhat incoherent to others" but that it "seemed organized to [the defendant]." *Id.* at 1275, 1290, 1305. The court considered Mr. Earley's testimony in concluding that the defendant's selective refusal to speak with mental competence evaluators and the defense team represented "a lack of cooperation" rather than "a lack of ability." *Id.* at 1298 & 1305. The court also relied on Mr. Earley's testimony to conclude that, although "cynical," defendant was nevertheless "connected to reality." *Id.* at 1306. *Merriweather* can be read to support introduction of expert testimony such as that proffered by the defense here. Notably, however, in *Merriweather*, unlike here, the government did not object to the court's consideration of the expert testimony. Moreover, although the court relied on Mr. Earley's testimony regarding the defendant's ability to work with his defense counsel, that testimony could have just as easily come from the preferred source: the defendant's own counsel, as the expert had less time with the defendant, having observed him on only one occasion. Thus, the Court is unpersuaded by *Merriweather*'s acceptance of attorney-expert testimony as to mental competency.

Beyond case law, Defendant contends that allowing Ms. Corrigan to opine rather than relying on counsel of record would avoid the "ethical pitfall[]" of requiring counsel to be a witness and counsel, which violates California Rules of Professional

Conduct 3.7.  (Opp. at 8.)  But this ethical rule is not violated by an attorney-witness's testimony at a pretrial hearing.  *See id.* cmt. 1 ("This rule applies to a trial before a jury, judge, administrative law judge or arbitrator.  This rule does not apply to other adversarial proceedings.").  Defense counsel voice concern that, should their opinions of Defendant's competence differ from his own, that could cause Defendant to question their loyalty to him, thereby impairing the attorney-client relationship.  (Opp. at 8.)  However, given the defense filings on the issue of competence to date, the Court does not believe that this is likely to become an issue.  (*See, e.g.*, Mot. for Order Finding Incompetency at 43 ("Multiple defense counsel spanning multiple years reach the same conclusion: Girardi cannot assist in his defense.")

## IV.  CONCLUSION

Accordingly, the Court GRANTS the Government's Motion and EXCLUDES the proffered opinions and expert testimony of attorney Kate Corrigan from the competency proceedings in this matter pursuant to Federal Rules of Evidence 402, 403 and 702.

**IT IS SO ORDERED.**

DATED:  July 26, 2023

_____
HONORABLE JOSEPHINE L. STATON
United States District Judge