E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SCOTT PAETTY (Cal. Bar No. 274719)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
ALI MOGHADDAS (Cal. Bar No. 305654)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6527/1786
     Facsimile: (213) 894-6269
     E-mail:    scott.paetty/ali.moghaddas@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 23-00047-JLS |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT GIRARDI'S EX PARTE APPLICATION TO SET BRIEFING SCHEDULE ON CHRISTOPHER KAMON'S MOTION TO EXCLUDE EVIDENCE OF OTHER ACTS |
| v. | |
| THOMAS VINCENT GIRARDI and CHRISTOPHER KAZUO KAMON, | |
| Defendants. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Scott Paetty and Ali Moghaddas, hereby files its response to defendant Girardi's ex parte application to set briefing schedule on Christopher Kamon's motion to exclude evidence of other acts (Dkt. 190).

//

//

This response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 27, 2024                     Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


          /s/
SCOTT PAETTY
ALI MOGHADDAS
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Girardi applies ex parte for a briefing schedule on defendant Kamon's motion to exclude other acts evidence (Dkt. 190), which defendant Kamon filed on May 23, 2024 (Dkt. 189).[1]  Defendant Kamon's motion was in response to the government's Rule 404(b) notice to introduce such evidence at trial against defendant Kamon.  (See Dkt. 191-1.)  Specifically, on February 28, 2024, the government gave notice to the defense that it intended to introduce evidence of defendant Kamon's separate fraud, as charged in Case No. 23-CR-24-JLS, as inextricably intertwined evidence and/or relevant evidence pursuant to Rule 404(b).  (Id.)  As articulated in the government's notice, evidence of defendant Kamon's separate theft of monies from the Girardi Keese law firm, which the government alleges was done unbeknownst to defendant Girardi, is directly relevant to proving, inter alia, defendant Kamon's motive, knowledge, and intent in the overall scheme charged in Case No. 23-CR-47-JLS.  (Id. at 2.)  It is the government's theory, in part, that defendant Kamon was complicit in defendant Girardi's theft and misappropriation of client settlement funds given defendant Kamon's access to Girardi Keese's accounts, which he surreptitiously stole and used for his own illicit gain.

Based on prior meet and confers on this topic, the government understood that defendant Kamon intended to file a motion to exclude this evidence (or the government would alternatively file a motion

---

[1] Defendant Kamon filed an amended motion on May 27, 2024 (Dkt. 191) that contained no substantive changes and only added a certificate of compliance.

for its admission).[2]  The government also understood that defendant Girardi would seek to separately introduce such evidence at trial as well, although the government would oppose the admissibility of such evidence in any trial against defendant Girardi only, if the case is severed over the government's objection.[3]

Given the current schedule, and that the Court is already set to hear argument on the pending motions related to the juror questionnaire (Dkt. 186) and Dr. Chui (Dkt. 188) on June 20, the government believes that the briefing schedule and argument should remain joined with the pending motions.  The current schedule is more efficient and provides sufficient time for the parties to incorporate the Court's ruling, which will impact the government's case-in-chief and defendants' respective trial strategies.  Conversely, holding a third hearing, as proposed by defendant Girardi, (see Dkt. 190 at 2 (requesting a third, separate hearing on July 5 or 12, in addition to the presently scheduled hearing on June 20 and the existing hearing on pretrial motions on July 26)), only serves to unnecessarily expend resources and delay these proceedings.

//

---

[2] The parties did not engage in discussions on whether defendant Kamon intended to file his motion by the motion's deadline or sooner.

[3] The government should be allowed to introduce this evidence against defendant Kamon for the reasons stated above, and in its forthcoming opposition to defendant Kamon's motion.  However, defendant Girardi does not have any legitimate basis to introduce this evidence, especially in a trial without defendant Kamon, as it would only serve to mislead the jury and obfuscate defendant Girardi's role in the larger scheme.  Indeed, evidence that defendant Kamon surreptitiously stole money from Girardi Keese at the same time that defendant Girardi was deceiving clients through false and misleading letters, emails, and voicemails neither mitigates nor exculpates defendant Girardi's conduct.  As previously noted, defendant Girardi was unaware of defendant Kamon's separate theft.  Thus, this evidence has no relevance to defendant Girardi's culpability (or purported lack thereof).

Accordingly, it is the government's preference to keep defendant Kamon's motion (Dkt. 191) on calendar for June 20, 2024, the same date the Court intends to consider the parties' additional pending motions, and that any opposition to defendant Kamon's motion should be filed by the current deadline, i.e., May 31, 2024.