UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>THOMAS VINCENT GIRARDI, et al.,<br><br>    Defendants. | Case No. 2:23-CR00047-JLS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION TO EXCLUDE OR LIMIT EVIDENCE (DOC. 288)** |

      This matter is before the Court on the Government's Ex Parte Application Excluding or Limiting the Scope of Evidence Related to Christopher Kamon's Side Fraud Scheme. (Doc. 288.)

      The Government contends that evidence regarding Defendant Kamon's alleged side scheme should be excluded in Defendant Girardi's separate trial. Defendant Girardi opposes, contending that the evidence that Defendant Kamon engaged in this alleged side scheme without his knowledge is relevant to (1) Defendant Girardi's lack of knowledge and intent as to the charged offenses, (2) rebut claims that Defendant Girardi directed the charged conduct and engaged in joint criminal activity with Defendant Kamon, and (3) establish Defendant Kamon's opportunity, motive and plan for diverting client funds without Girardi's involvement. (Opp. at 1-2.) The Court agrees with Defendant Girardi that the proffered evidence is relevant for these purposes.

But the Court agrees with the Government that the evidence regarding the nature of the expenditures should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice.

Therefore, the Court grants in part and denies in part the Government's Ex Parte Application. Although evidence of Defendant Kamon's side scheme is generally admissible, evidence regarding the nature of the expenditures is excluded pursuant to Federal Rule of Evidence 403.

**IT IS SO ORDERED.**

DATED: July 25, 2024

_____
HON. JOSEPHINE L. STATON
United States District Judge